# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL RAMON THOMAS MAYWEATHER,**
      **Plaintiff,**

     **v.**                                  **Case No. 21-C-1211**

**CHRISTOPHER SCHMALING, et al.,**
      **Defendants.**

---

## <u>SCREENING ORDER</u>

On February 3, 2022, I screened plaintiff Michael Ramon Thomas Mayweather's pro se complaint, dismissed it because it failed to state a claim, and allowed him to file an amended complaint within thirty days. ECF No. 12. The plaintiff timely filed an amended complaint, ECF No. 13, which is now before me for screening.

## I. SCREENING THE AMENDED COMPLAINT

### A. Federal Screening Standard

As previously explained, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the amended complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim,

the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

As with the original complaint, the plaintiff sues Racine County Sheriff Christopher Schmaling for conditions at the Racine County Jail, where he was incarcerated. The plaintiff newly names Correctional Officers Sweets, Hernandez, Saulys, Morris, Sauni (or Sawnie), and John Doe. He also sues Sergeants Morris and Luedke and Captain Friend.

The plaintiff alleges that during a six-month period, Officer Sweets removed sheets that separated inmates who were in the shower or using the toilet. He alleges Sweets used "profane language" and made "idle threats." ECF No. 13 at 3. Sweets also allegedly

punished all inmates if one inmate on the housing unit disobeyed an order. The plaintiff similarly alleges that Sergeant Morris "would often abuse his power, speak recklessly, disrespect me or try to force his will" when the plaintiff was an inmate worker. *Id.*

The plaintiff also alleges that Officers Hernandez and John Doe ignored inmates' complaints about cold temperatures or "ice cold shower water." *Id.* He says he and other inmates submitted grievances about the staff's mixing of inmates who had not been tested (presumably for COVID-19) with others who had been tested for the virus and/or who were symptomatic. He says inmates were not given masks or sanitizing products. Medical staff told some inmates they had tested positive for COVID-19 but provided them no treatment. The plaintiff says he was exposed to COVID-19 but did not contract the virus. He was then housed with new inmates who did not pass COVID-19 protocols. The plaintiff alleges Officers Saulys and John Doe were responsible for bringing in the new inmates.

The plaintiff says he wrote to Captain Friend about the conditions at the Jail and later spoke with him about bunks not having guard rails, ill treatment by Jail staff, and the "inhumane living conditions," including bugs and mold in the Jail and the lack of curtains between inmates who were showering or using the toilets. *Id.* at 4. He says "nothing was done." *Id.* He alleges Sheriff Schmaling was aware of the conditions at the Jail but "has not held his staff accountable." *Id.*

The plaintiff seeks $1 million in damages. He also asks that Jail staff be retrained and that the Jail undergo an audit and inspection.

**C. Analysis**

I dismissed the original complaint because it failed to state a claim against Sheriff Schmaling (who was the only named defendant), failed to provide notice to any other

putative defendant of his or her allegedly wrongful actions, and improperly sought relief for violations of state laws or policies. The amended complaint has a different but equally problematic issue: It attempts to proceed on several unrelated claims against different individuals. Although the plaintiff may bring multiple claims against a *single* party (as he attempted to do in his original complaint), he cannot bring *unrelated* claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); FED. R. CIV. P. 18(a), 20(a)(2). A plaintiff may join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The plaintiff's amended complaint violates Rules 18 and 20 because it seeks to bring several unrelated claims against different defendants. He alleges that Officer Sweets removed privacy sheets in the bathrooms and unfairly punished inmates, that Sergeant Morris threatened and disrespected him, that Officers Hernandez and John Doe ignored complaints about cold temperatures and water, that Officers Saulys and John Doe mixed inmates who had and had not passed COVID-19 protocols, that Captain Friend ignored his general complaints about Jail conditions, that unnamed medical staff did not treat inmates with COVID-19, and that Sheriff Schmaling failed to fulfill his professional obligations. Although all these allegations involve staff at the same Jail, they do not have common defendants or common questions of law or fact.

4

The amended complaint also suffers from some of the same problems as the original complaint. Several of the plaintiff's allegations do not state a cognizable injury. The plaintiff does not state a claim by alleging that Officer Sweets and Sergeant Morris threatened or disrespected him, *see Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on different grounds by Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (en banc)), or by alleging that the Jail did not provide comfortable conditions. ECF No. 12 at 5 (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Nor does he to state a claim against defendants Sauni (or Sawnie) and Luedke because the amended complaint contains no allegations against them. *See Twombly*, 550 U.S. at 570. The plaintiff also appears to pursue claims for wrongs to inmates other than himself, which he may not do. *See Lewis v. Casey*, 518 U.S. 343, 349–50 (1996); *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999). The plaintiff also maintains his request for injunctive relief to which, as previously explained, he is not entitled. ECF No. 12 at 6 (citing *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); and *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

Because of the misjoinder, I must reject the amended complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). But I first will give the plaintiff an opportunity to choose which of the above-described, unrelated claims he wants to pursue. The plaintiff may, within thirty days, file a second amended complaint that focuses on the claim (or related claims) of his choice. **If the plaintiff wishes to bring his other claims, he must do so in separate lawsuits, for which he**

**must pay new filing fees.** If the plaintiff does not file a second amended complaint consistent with the instructions in this decision, I will allow the plaintiff to proceed only on his claims against Officer Sweets and will dismiss all other improperly joined defendants and claims.

## II. CONCLUSION

For the reasons stated, **IT IS ORDERED** that **by April 11, 2022**, the plaintiff may file a second amended complaint identifying the claim(s) on which he wants to proceed. If the plaintiff timely files a second amended complaint that complies with the instructions in this order, I will allow him to proceed on the claim(s) of his choosing. If he fails to do so, or if his second amended complaint does not comply with my instructions, I will not screen the second amended complaint and will allow him to proceed only on his claims against Officer Sweets.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a blank prisoner amended complaint form along with this order.

Dated at Milwaukee, Wisconsin this 10th day of March, 2022.


s/Lynn Adelman
LYNN ADELMAN
United States District Judge